# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **CRIMINAL INDICTMENT NO.** |
| v.     : | **1:11-CR-136-JEC-AJB** |
| : | |
| **JOSHUA MCCULLOUGH (# 1) and** : | |
| **JAMES MCKENZIE (# 4),** : | |
| : | |
| **Defendants.** : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation ("R&R") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. CrR. 58.1(A)(3)(a), (b). Let the same be field and a copy of the R&R, together with a copy of this Order, shall be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the R&R within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990). The party filing objections will be responsible for obtaining and filing the transcript of any

AO 72A
(Rev.8/82)

evidentiary hearing for review by the District Court. Failure to object in accordance with this rule waives a party's right to review. FED. R. CRIM. P. 59(b)(2).

Pursuant to 18 U.S.C. § 3161(h)(1)(H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.** If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983). The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  8th  day of   August  , 2011.

ALAN J. BAVERMAN
**UNITED STATES MAGISTRATE JUDGE**

2

AO 72A
(Rev.8/8
2)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | CRIMINAL INDICTMENT NO. |
| v. : | 1:11-CR-136-JEC-AJB |
| : | |
| JOSHUA MCCULLOUGH (# 1) and : | |
| JAMES MCKENZIE (# 4), : | |
| : | |
| Defendants. : | |

**UNITED STATES MAGISTRATE JUDGE'S
NON-FINAL REPORT AND RECOMMENDATION**

The Court currently considers the motions to dismiss indictments pursuant to the Tenth Amendment of the United States Constitution by defendants Joshua McCullough and James McKenzie. [Docs. 270, 306]. No evidentiary hearing on the motions is warranted. For the reasons that follow, the undersigned **RECOMMENDS** that the motions be **DENIED**.

*Introduction*

On March 22, 2011, a grand jury returned a four-count indictment involving ten defendants, including Joshua McCullough and James McKenzie. [Doc. 1]. McCullough and McKenzie were charged in three counts with: (1) conspiracy to manufacture, distribute and possess with intent to distribute at least 100 marijuana plants in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846 (Count 1); (2) knowingly

AO 72A
(Rev.8/8
2)

and intentionally possessing at least 100 marijuana plants with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2 (Count 2); and (3) possession of firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. [*Id.*]. McCullough and McKenzie filed a number of motions, including the instant motions to dismiss the indictment. [Docs. 270, 306]. The undersigned now examines these motions to dismiss.

*Discussion*

The theory behind the motions to dismiss the indictment by McCullough and McKenzie (collectively "defendants") is that the federal indictment constitutes an unjustifiable expansion of federal law enforcement into a domain regulated by the States. [Doc. 270 at 2-3].[1] The defendants argue that because Georgia already criminalizes the conduct with which they are charged, the federal prosecution for this same conduct changes "the sensitive relation between federal and state criminal jurisdiction." [*Id.* at 4 (quoting *Lopez v. United States*, 514 U.S. 549, 561 n.3 (1995)]. They then cite to the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848

---

[1] The Court granted McKenzie permission to adopt McCullough's motion to dismiss on July 27, 2011. [*See* Dkt. Entry dated 7/27/2011]. As a result, the undersigned only cites to McCullough's motion when summarizing the defendants' arguments.

2

(2000), apparently to argue that because States possess the primary authority to define and enforce criminal law, Congress has impermissibly rendered traditionally local criminal conduct (marijuana possession and gun possession while committing a drug offense) a matter for federal enforcement. [*Id.* at 5]. They then cite to *Lopez* for the proposition that courts must examine on a case-by-case basis whether the regulated activity affects interstate commerce. [*Id.* at 5-6]. They next assert that they will be injured by the federal government's overreach because if convicted of the federal offenses, they are likely to receive and serve a longer sentence than they would in State court. [*Id.* at 6]. Finally, they argue that they have standing to raise this challenge to the indictment. [*Id.* (citing *Bond v. United States*, 131 S. Ct. 2355 (2011)].

> The Tenth Amendment of the United States Constitution provides:
>
> The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.

U.S. Const. Amend. X. "Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000). As a result, "[t]he Tenth Amendment does not operate upon a valid exercise of power delegated to Congress by the Commerce Clause." *United States v.*

3

*Collier*, 478 F.2d 268, 272 (5th Cir. 1973).[2]  If there is a valid exercise of commerce clause powers, there is no Tenth Amendment violation.  *United States v. Lopez*, 459 F.2d 949, 951 (5th Cir. 1972).

The undersigned first concludes that the defendants' constitutional challenge to being indicted under 21 U.S.C. § 841(a) and 21 U.S.C. § 846 is foreclosed by binding case law.  In *United States v. Lopez*, the former Fifth Circuit held that "Congress acted within the power granted to it under the Commerce Clause when it enacted . . . 21 U.S.C. § 841(a)(1) and § 846."  *Lopez*, 459 F.2d at 953.[3]  As a valid exercise of the Commerce Clause, there can be no Tenth Amendment violation.  *See Lopez*, 459 F.2d at 951 ("If the passage of [§§ 841(a) and 846] was a valid exercise of [the commerce clause] powers, no violation of the Tenth Amendment can occur.").[4]  Given this binding

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

[3]  More recently, the Supreme Court in *Gonzales v. Raich* stated that "Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the [Controlled Substances Act]," 545 U.S. 1, 22 (2005), and held that Congress validly prohibited the local cultivation and use of marijuana in compliance with California law, *id.* at 5, 22.

[4]  *See also United States v. Teague*, 165 Fed. Appx. 547, 549 (9th Cir. Jan. 30, 2006) (rejecting the defendant's challenge to conviction under Controlled Substances Act on Tenth Amendment grounds); *United States v. McWilliams*,

4

precedent, the undersigned concludes that Counts One and Two, which are brought under § 841(a)(1) and § 846, do not violate the Tenth Amendment.

The defendants' citations to the Supreme Court's more recent precedent, including the Supreme Court's *Lopez v. United States* case, for the proposition that § 841 and § 846 are displacing the State's police powers does not alter the undersigned's conclusion. "Congress may regulate conduct that a state may also regulate [ w]hen the [federal] law . . . in question is a proper exercise of congressional power under the Commerce Clause and does not require state action." *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997). The Eleventh Circuit has also indicated that the Supreme Court's recent cases did "not call into question the constitutionality of the Controlled Substances Act." *United States v. Peterson*, 194 Fed. Appx. 786, 788 (11th Cir. Sept. 7, 2006). Also, other federal circuit courts have held "after *Lopez*, that it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." *Westbrook*, 125 F.3d at 1009-10 & n.15 (citing cases). As for the defendants' suggestion that the Court must assess the

---

138 Fed. Appx. 1, 2 (9th Cir. June 30, 2005); *United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir. 1997); *United States v. Evans*, 140 F.3d 1037 (Table) (5th Cir. Mar. 18, 1998); *United States v. Genao*, 79 F.3d 1333, 1335-37 (2d Cir. 1996).

interstate commerce element on a case-by-case basis, the Eleventh Circuit has rejected this argument by stating that "the Controlled Substances Act does not leave to the courts the task of determining whether a particular drug sale affects interstate commerce" because "[t]he illegal possession and sale of drugs affects interstate commerce," giving Congress the "authority under the Commerce Clause to criminalize and punish drug-related activity." *Peterson*, 194 Fed. Appx. at 788 (citing *Lopez*, 459 F.2d at 953 and quoting *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997)); *see also United States v. Wilson*, 238 Fed. Appx. 571, 572-73 (11th Cir. July 30, 2007) ("The Supreme Court has upheld the [Controlled Substances Act] as a valid exercise of Congressional power.") (citing *Gonzales v. Raich*, 545 U.S. 1, 9 (2005)). The undersigned is therefore unpersuaded that the recent Supreme Court case law requires a finding that the indictment raising claims against the defendants under § 841(a) and § 846 must be dismissed.

The undersigned also concludes that the federal government's decision to charge the defendants with violating 18 U.S.C. § 924(c) does not exceed the federal government's authority. Federal courts have concluded that after *Lopez*, § 924(c) "is a valid exercise of Congress' commerce power." *United States v. Arocho*, 305 F.3d 627, 642 (7th Cir. 2002) (citing cases from the Eighth, Ninth, and Tenth Circuits),

6

*superseded by statute on other grounds as recognized in United States v. Rodriguez-Cardenas*, 362 F.3d 958, 959-60 (7th Cir. 2004); *see also United States v. Grafton*, No. 1:95-cv-131, 1995 WL 506001, *5 (N.D. Ga. Aug. 15, 1995) (Hull, J.) (concluding that "18 U.S.C. § 924(c) is a constitutional exercise of Congress's Commerce Clause authority"). The Eleventh Circuit has explicitly and "repeatedly held that § 924(c), on its face, is a constitutional exercise of Congress's power under the Commerce Clause." *United States v. Belfast*, 611 F.3d 783, 815 (11th Cir. 2010) (citing *United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001). The Eleventh Circuit has reaffirmed its holding even in light of the Supreme Court's cases in *Lopez*, *Jones*, and *United States v. Morrison*, 529 U.S. 598 (2000). *Id.* (noting that the *Ferreira* decision concluded that the Supreme Court's recent case law did not alter "holding that Congress was authorized under the Commerce Clause to enact § 924(c)"). As a valid exercise of Congress's Commerce Clause authority, there can be no violation of the Tenth Amendment. *Lopez*, 459 F.2d at 951.

*Conclusion*

Based on the above discussion, the undersigned concludes that the indictment should not be dismissed on the grounds that it violates the Tenth Amendment.

7

Accordingly, the undersigned **RECOMMENDS** that the defendants' motion to dismiss the indictment, [Docs. 270, 306], be **DENIED**.

**IT IS SO RECOMMENDED**, this the 8th day of August, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**